FILED

2022 May-20  PM 01:28
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTWESTERN DIVISION

ALVIN MONTGOMERY,      )
                            )
      Plaintiff,          )      Civil Action No.:
                            )
v.                      )      _____
                            )
GEMINI GROUP, INC.,      )      **JURY DEMAND**
MID-SOUTH/CENTRAL      )
EXTRUSION DIE CO., INC.,    )
                            )
      Defendants.      )

## <u>COMPLAINT</u>

**I.**    **INTRODUCTION**

1.    This is an action for legal and equitable relief to redress unlawful discrimination on the basis of age against the plaintiff, Alvin Montgomery. The suit is brought pursuant toto secure the protection of and to redress the deprivation of rights secured by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (hereinafter "ADEA"), which provides for relief against discrimination in employment on the basis of age. The plaintiff seeks declaratory relief, injunctive relief, back pay, reinstatement, liquidated damages, and nominal damages.  The plaintiff requests a trial by jury of all issues triable by a jury.

## II.   JURISDICTION AND VENUE

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4).

3.   The unlawful employment practices alleged were committed by the defendant within Colbert County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

4.   The plaintiff requests a jury trial on all equitable claims and defenses and all issues triable by jury.

## III.   ADMINISTRATIVE EXHAUSTION

5.   The plaintiff promptly and timely contacted the EEOC and completed a pre-charge inquiry on June 23, 2020 within 180 days after he was terminated on June 4, 2020. Attachment 1. The plaintiff's pre-charge inquiry included the information required by 29 C.F.R. §1601.12(a) and manifested the plaintiff's intent to begin the administrative process. Thus, that pre-charge inquiry meets the definition of a charge of discrimination in the Eleventh Circuit. *See*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001); *see also*, *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237-1239-41 (11th Cir. 1989).

6.   The EEOC's processing of the plaintiff's charge, which occurred during the midst of the COVID-19 pandemic when all federal employees were working

–2–

remotely, was delayed due to mail delivery problems. Attachment 2 at 3 ("Mail has been delayed and was brought to ISA attention on January 13, 2021 by Supervisor...CP cannot be penalized for the failure of an employee to act upon the CP's behalf."). The EEOC treated the inquiry as a charge. *Id.*

7.  The plaintiff verified his charge of discrimination with the EEOC (Charge Number 420-2022-008006) dated January 25, 2021 alleging discrimination on the basis of age in violation of the ADEA. Attachment 3.

8.  The EEOC identified the charge for mediation and notified the defendant, which agreed to mediation. Attachment 2 at 2.

9.  The EEOC issued the plaintiff Notice of Right to Sue dated February 23, 2022, and the plaintiff timely filed this Complaint within 90 days of receipt of notice. Attachment 5. The defendant also received a copy of the notice. *Id.*

## IV.  PARTIES

10. The plaintiff, Alvin Montgomery, is a citizen of the United States of America and a resident of the State of Alabama.  The plaintiff is over forty (40) years of age and was sixty-one (61) at the time he was terminated.  During the time period prior to his termination, the plaintiff was employed by the defendant in a number of positions and worked in the Maintenance Department at the time he was terminated.

11.   The defendant, Gemini Group, Inc., is an "employer" subject to suit under the ADEA. The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of the ADEA. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Colbert County, Alabama.

12.   The defendant, Mid-South/Central Extrusion Die Co., Inc., is an "employer" subject to suit under the ADEA. The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of the ADEA. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Colbert County, Alabama.

13.   The defendants, Gemini Group, Inc. and Mid-South/Central Extrusion Die Co., Inc. (hereinafter referred to collectively as "defendant" or "Gemini"), were a single integrated enterprise and were the plaintiff's employer according to the ADEA. The defendants are related entities with common ownership, share the same physical location, and have the same registered

agent and the same address for the service of process.

14. In the alternative, the defendants, Gemini Group, Inc. and Mid-South/Central Extrusion Die Co., Inc. (hereinafter referred to collectively as "defendant" or "Gemini"), were a joint operation and the plaintiff's employer according to the ADEA. These defendants are related entities, share the same physical location, and have the same registered agent and the same address for the service of process.

## V. STATEMENT OF FACTS

15. The plaintiff was hired by the defendant on April 1, 1981, as a Mill Operator. The plaintiff worked continuously for the defendant for almost forty (40) years.

16. The plaintiff was sixty-one (61) years of age at the time he was terminated by the defendant.

17. Throughout his employment the plaintiff performed his job duties in an exemplary manner.

18. The plaintiff received a number of promotions and had never received any written discipline.

19. The plaintiff had been a Production Supervisor for approximately twenty (20) years and held the position of Maintenance Supervisor when he was terminated on June 4, 2020.

20.   On April 17, 2010, Supervisor Joel Holt told the plaintiff that he had been selected for a layoff caused by the COVID-19 pandemic.

21.   On June 4, 2020, Plant Manager Jim Jurgess told the plaintiff that he would not be recalled from layoff. Jurgess said the company had "too many heads out here."

22.   Holt told the plaintiff that the reason was that his salary was so high due to his years of service with the company. The plaintiff asked Holt if he could return to the Production Supervisor position he had held for twenty years or work in an operator job. Holt said he could not.

23.   Upon information and belief, the defendant promoted a younger person to the Maintenance Supervisor position the plaintiff had held.

24.   The defendant promoted a younger person, Calvin Strange, to the Production Supervisor position the plaintiff sought to fill instead.

25.   Upon information and belief, the defendant recalled a number of significantly younger employees to fill the operator positions which the plaintiff sought to fill.

26.   The defendant also terminated a number of other older employees, such as Safety Manager Jonathan Stanley, who was in his fifties, and Customer Service/Sales Manager Tim Poole, who was also in his fifties, and replaced them with younger persons.

27.    Upon information and belief, employees over the age of forty were terminated disproportionately and younger employees recalled disproportionately when the defendant returned from layoff on or about June 4, 2020.

## VI.   DAMAGES

28.    The plaintiff is now suffering, and will continue to suffer, irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

29.    The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendant's unlawful conduct.

30.    The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and liquidated damages is his only means of securing adequate relief.

## VII.   CAUSES OF ACTION

Count I – Age Discrimination (Termination) in Violation of the ADEA and the AADEA

31.    The plaintiff re-alleges all of the factual allegations in the Complaint and incorporates the same by reference herein.

32.   The defendants unlawfully discriminated against the plaintiff on the basis of his age by terminating his employment as set in greater detail out above.

33.   Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

34.   The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated damages is his only means of securing adequate relief.

35.   The plaintiff seeks all equitable and legal relief necessary to remedy such unlawful discrimination including, without limitation, declaratory and injunctive relief, reinstatement, backpay, liquidated damages, costs, attorneys' fees, expenses and such other equitable and legal remedies necessary to make plaintiffs whole and to deter future discrimination including retaliation.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the

plaintiff as secured by the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*

2.     Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Age Discrimination in Employment Act.

3.     Enter an Order requiring the defendant to make the plaintiff whole by awarding him back pay (plus interest), reinstatement (or front pay), lost seniority, benefits and loss of pension, and liquidated damages.

4.     The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

Respectfully submitted,

*/s/ H. Wallace Blizzard*
H. Wallace Blizzard
ASB-8969-B59H
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
wblizzard@wigginschilds.com
205.314.0593 (phone/fax/text)

*Attorney for Plaintiff*

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.

Plaintiff requests this Honorable Court to issue the attached Summons for Plaintiff to serve Defendant with the following: Summons, Complaint.

**Defendants' Addresses:**

Gemini Group, Inc.
CT Corporation System
2 North Jackson Street, Ste 605
Montgomery, AL 36104

Mid-South/Central Extrusion Die Co., Inc.
CT Corporation System
2 North Jackson Street, Ste 605
Montgomery, AL 36104